FILED

2017 May-24  AM 11:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CARLTON RAYMAN EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 7:17-cv-00571-VEH-JHE |
| ) | |
| GUY NOE, et. al. ) | |
| ) | |
| Respondents. ) | |

### ANSWER OF RESPONDENTS

The Respondents, by and through the Attorney General for the State of Alabama, pursuant to this Court's April 12, 2017, order, hereby respectfully submit this Answer to the April 10, 2017, petition for writ of habeas corpus filed by Carlton Rayman Edwards. Edwards's petition challenges his conviction and sentence for manslaughter in the Tuscaloosa County Circuit Court.

The Respondent denies that Edwards is entitled to any relief whatsoever under the federal writ of habeas corpus.

### *Response to Introduction and Procedural History*

1.      Pages 2-24 of Edwards's petition are denied. In those pages, Edwards sets forth a slanted summary of the circumstances surrounding his trial and postconviction review, including a lengthy unattributed block quote (apparently taken from Edwards's state postconviction appellate brief) designed to suggest that

"[t]he facts adduced at trial" demonstrated that he acted in self-defense. Because that summary is not supported by the evidence in the record and is inconsistent with the jury's verdict, Respondents deny those paragraphs. Instead, Respondents have set forth their own summary of the relevant prior proceedings below.

## I.   Edwards's state court conviction and sentence.

2.     On August 18, 2010, Carlton Rayman Edwards was convicted after a jury trial in the Tuscaloosa County Circuit Court of manslaughter due to sudden heat of passion caused by provocation, a violation of Section 13A-6-3(b) of the Code of Alabama (1975), as a lesser-included offense to the original charge of murder. (Ex. 1 at 65-70, 91-92.)[1] The trial court found that because the crime involved the use of a firearm, a minimum sentence of ten years was required pursuant to Section 13A-5-6(a)(5) and sentenced Edwards to seventeen years' imprisonment. (*Id.* at 68, 665-66, 679.)

3.     Edwards appealed, asserting the following claims:

(1)     that the State failed to produce sufficient evidence to support his conviction (Ex. 2 at 13-15; Ex. 3 at 12-16; Ex. 4. at 4-19);

(2)     that the trial court erred by instructing the jury to consider the charge of heat-of-passion manslaughter as a lesser-included offense to murder (Ex. 2 at 15-18; Ex. 3 at 17-20; Ex. 4. at 19-26);

---

[1] The entire record on direct appeal is included in the state postconviction record, from pages 64 to 683.

2

(3)     that the trial court erred by failing to properly instruct the jury on the legal definitions of legal provocation and heat of passion with respect to the manslaughter charge (Ex. 2 at 18-20; Ex. 3 at 20-24; Ex. 4. at 27-33);

(4)     that his sentence was constitutionally excessive in violation of the Eighth Amendment to the United States Constitution (Ex. 2 at 20-21; Ex. 3 at 25; Ex. 4. at 33-34); and

(5)     that the trial court erred in applying the firearm-enhancement statute to his sentence (Ex. 2 at 22; Ex. 3 at 26-29; Ex. 4. at 34).

4.     The Alabama Court of Criminal Appeals affirmed, holding that (1) that Edwards's conviction was supported by sufficient evidence; (2) that his claim that the jury should not have been charged to consider heat-of-passion manslaughter as a lesser-included offense to murder was unpreserved and that the trial court was authorized to *sua sponte* instruct the jury to consider the a lesser-included offense if it is supported by the evidence; (3) that there was no error in the jury instructions; (4) that his Eighth Amendment claim was unpreserved; and (5) that his claim regarding application of the firearm enhancement to his sentence was unpreserved. (Ex. 5.)

5.     Edwards's application for rehearing was overruled. (Ex. 6; Ex. 7.) The court withdrew its original opinion and substituted a new one to correct certain errors in its statement of the facts, but its holdings remained unchanged. (Ex. 8.)

3

Edwards's petition for writ of certiorari was denied by the Alabama Supreme

Court without an opinion. (Ex. 9; Ex. 10.)

6.    In its substituted opinion, the Alabama Court of Criminal Appeals

summarized the facts presented at trial as follows:

> At trial, the State presented evidence that Edwards shot and killed
> Maurice Spencer during an altercation at Brown's Barbershop in
> Tuscaloosa, Alabama, on July 28, 2007. Tina Taylor, an employee at
> Brown's Barbershop, testified that while she was at a restaurant
> picking up lunch, she saw Crystal Reed, the mother of Edwards's
> children. Taylor testified that she and Reed had already had two
> confrontations with Reed at the barbershop, and that she had filed a
> harassment claim against Reed. According to Taylor, Reed spotted her
> and began shouting obscenities at her. When Taylor returned to the
> barbershop, she told Edwards that she intended to have Reed arrested
> for harassment. A heated argument between Edwards and Taylor
> ensued and was overheard by several customers and employees.
>
> Charles Madison, Jamarcus Green, Anthony Crawford, and Trey
> Green all testified that during the argument, they saw Edwards lift up
> his shirt and expose a gun that was tucked in his waistband and,
> Jamarcus Green and Trey Green heard him threaten to "shoot
> everybody in there." (R.161, 198). At some point, Spencer, who was
> also a barbershop employee, left to retrieve his gun from the car. At
> some point after Spencer returned to the barbershop with his gun,
> Edwards appeared to be pulling out his gun. Spencer then "rushed"
> Edwards and hit him in the head, causing them both to fall into a
> corner. (R. 331). Moments later, as the two men wrestled on the
> ground, customers and employees heard two gun shots. Otis Brown,
> the Owner of the barbershop, testified that shortly after he heard the
> two gunshots, he saw Edwards hitting Spencer in the head with a gun.
> Afterwards, Edwards walked over to his station in the barbershop, put
> his gun down, and sat in the chair until the police arrived.

Investigator Simon Miller and Sergeant Tim Guy of the Tuscaloosa
Police Department arrived at the scene within moments of the
shooting. Investigator Miller testified that Edwards, covered in blood,
was walking out of the barbershop. Miller instructed Edwards to put
his hands up and come out. Edwards complied with Miller's
instructions and stated that he was "sorry" and that he "was defending
[him]self." (R. 293). Spencer was on the floor in the back of the
barbershop. The officers collected two guns from the scene.
Edwards's gun was found on top of a cooler near the front door. Two
shell casings from Edwards's gun were found in the barbershop. The
officers testified that Spencer's gun had no rounds in the chamber and
the slide was forward, meaning that it was incapable of firing.
Officers also recovered a .40 caliber magazine from Edwards's
vehicle console that contained 5 or 6 rounds.

Dr. Stephen Boudreau, a senior state medical examiner, testified that
the victim died of two close-range gunshot wounds to the abdomen,
one of which struck his liver, vena cava, and back bone, and the other
perforated the vascular structures of his right kidney. Dr. Boudreau
also testified that the victim suffered lacerations on his face and blunt
force trauma to his left ear.

(Ex. 8 at 6-7.)[2]

## II.    Edwards's petition for state postconviction relief.

7.      On June 14, 2013, Edwards, through counsel, filed a petition for

postconviction relief pursuant to Rule 32 of the Alabama Rules of Criminal

Procedure, challenging his conviction and sentence. (Ex. 1 at 14-51.) In it,

Edwards asserted the following claims for postconviction relief:

------

[2] The court also noted that Edwards testified on his own behalf, but did not
discuss the substance of that testimony. (Ex. 8 at 7.)

5

(1)     that trial counsel was ineffective for failing to assert that Edwards was immune from prosecution under Alabama statutory law (*Id.* at 28-30);

(2)     that trial counsel was ineffective for failing to conduct an adequate pretrial investigation (*Id.* at 31-34);

(3)     that trial counsel was ineffective for failing to conduct an adequate voir dire of potential jurors (*Id.* at 35-36);

(4)     that trial counsel was ineffective for failing to obtain witnesses' original handwritten statements, failing to impeach state witnesses, and failing to introduce evidence of prior conflicts between Edwards and the victim (*Id.* at 37-42);

(5)     that trial counsel was ineffective for representing him at sentencing after he was discharged and failing to consult with him (*Id.* at 43-44);

(6)     that trial counsel was ineffective for failing to present mitigating evidence during sentencing (*Id.* at 45);

(7)     that trial counsel was ineffective for failing to preserve various issues for appellate review (*Id.* at 46-47);

(8)     that his sentence was excessive in violation of the Eighth Amendment to the United States Constitution (*Id.* at 48); and

(9)     that the sentence exceeded the maximum authorized by Alabama law because it improperly applied the firearm enhancement to his sentence (*Id.* at 49).

8.      The State filed a response and motion to dismiss asserting that each of the claims of ineffective assistance were insufficiently pleaded and/or facially meritless. (*Id.* at 754-60.) It also argued that the sentence was not excessive under

6

the Eighth Amendment and that the firearm enhancement was properly applied because the jury necessarily found that Edwards acted intentionally. (*Id.* at 761-62.)

9.    Circuit Judge M. Bradley Almond presided over both Edwards's trial and the Rule 32 proceedings. (*Id.* at 1, 64, 156, 794-803, 814.) The circuit court held an evidentiary hearing as to all claims at which Edwards testified and also called Stephen W. Money, trial counsel in this case, to testify. (*Id.* at 818-1007.) The State rested without presenting any additional evidence or argument. (*Id.* at 1007.)

10.    The circuit court issued an order dismissing all claims in the petition. (*Id.* at 794-803.) It found that Edwards failed to meet his burden of proof as to any of his claims of ineffective assistance of counsel. (*Id.* at 794-802.) It found that his claims that his sentence was disproportionate to the crime and that the sentence was improperly enhanced by a firearm enhancement were meritless, insufficiently pleaded, and procedurally barred under the Alabama Rules of Criminal Procedure because they could have been or were raised at trial and/or on appeal. (*Id.* at 802-03.)

11.    On appeal, Edwards essentially reasserted each of his claims from the Rule 32 petition. (Ex. 11; Ex. 12; Ex. 13.) The Alabama Court of Criminal Appeals

7

affirmed, generally holding that the circuit court's findings that Edwards failed to meet his burden of proof as to his ineffective assistance of counsel claims were thorough and correct. (Ex. 14 at 4-18.) It also found that his argument that trial counsel failed to preserve various issues for appeal was waived under Rule 28(a)(10) of the Alabama Rules of Appellate Procedure because it cited only caselaw generally related to preservation rather than caselaw in support of the merits of the underlying claims and failed to provide any factual support for his arguments with citations to the record (from the trial or from the Rule 32 hearing). (*Id.* at 17-18.) Though Edwards argued that the circuit court erred in finding his claims relating to the firearm enhancement and the Eighth Amendment were precluded, the appellate court held that he failed to address the circuit court's holdings that the claims were also meritless, which it held were correct. (*Id.* at 18-20.) It also held that the Eighth Amendment claim was a bare allegation unsupported by specific law or facts and therefore did not meet the pleading requirements of Rule 32.2 of the Alabama Rules of Criminal Procedure. (*Id.* a 20.)

12.   Edwards's application for rehearing was overruled. (Ex. 15; Ex. 16.) His petition for writ of certiorari was denied by the Alabama Supreme Court without an opinion. (Ex. 17; Ex. 18.)

**III.    The instant federal petition for habeas corpus.**

13.    Edwards, through counsel, timely filed the instant petition in this Court on April 10, 2017. (Doc. 1 at 1.) In the petition, Edwards asserts that his trial counsel was ineffective in various ways and that the sentence he received is disproportionate to the crime in violation of the Eighth Amendment to the United States Constitution. (Doc. 1 at 41-60.)

<u>***Response to Grounds for Relief***</u>

**I.    The claim that Edwards was denied the effective assistance of trial counsel.**

14.    In Claim I of his petition for writ of habeas corpus, Edwards contends that he received ineffective assistance of trial counsel. He appears to divide the claim into five sub-claims, arguing that the Alabama Court of Criminal Appeals unreasonably applied the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny to the facts shown at the Rule 32 hearing. (Doc. 1 at 46-56.) He also argues generally that the court's finding that various decisions by trial counsel were "strategic" in nature is clearly erroneous. (*Id.* at 57.) Respondent will address each sub-claim below.

15.    To establish that trial counsel was ineffective, Edwards was required to present evidence to the trial court sufficient to demonstrate: (1) that his counsel's performance was deficient, and (2) that he was prejudiced as a result of

the deficient performance. *Strickland*, 466 U.S. at 687-88. The *Strickland* test requires a defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

16.    "Counsel's competence is presumed, and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (citations omitted).

> The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. In making the competency determination, the court "should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case."

*Id.* (quoting *Strickland*, 466 U.S. at 690). Where the record is "incomplete or unclear" as to trial counsel actions, courts "will presume that he did what he should have done, and that he exercised reasonable professional judgment." *Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999).

17.    The prejudice prong requires more than just proof that "the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S. at

693. It is the petitioner's burden to affirmatively prove prejudice; that is, he "must show that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A. **The claim that trial counsel was ineffective for failing to request a pre-trial hearing asserting that he was immune from prosecution because he acted in self-defense.**

18.     Edwards asserts that trial counsel was ineffective because he did not request a pretrial hearing asserting that he was immune from prosecution because he acted in self-defense. (Doc. 1 at 46-49.) In addressing this claim, the Alabama Court of Criminal Appeals quoted extensively from the trial court's order (which, in turn, quoted extensively from the Rule 32 hearing), stating as follows:

> Edwards argues that his counsel was ineffective for failing to request a pretrial hearing on his statutory immunity from prosecution and that he was prejudiced by this failure. As to this claim, the [Rule 32 trial] court found as follows:
>
> > "Here, trial counsel presented a vigorous self-defense case at trial. The issue was hotly-contested by the State of Alabama. At the Rule 32 hearing, trial counsel explained his trial strategy regarding self-defense as follows:
> >
> > > "A. My concern was that there was some question about whether or not Mr. Edwards was the initial aggressor. There were some people that testified that he walked around

11

in the barbershop brandishing his weapon and said, 'I'll shoot all y'all.' Okay. And for immunity to apply, Stand Your Ground is not for when you go pick a fight and you have to shoot somebody.

"And that's what I felt had happened. I thought he and Tina were arguing. And I – and Maurice [the victim], for whatever reason, came in. If they hadn't been arguing, had not been an argument, Maurice would probably still be alive. But when you go pick a fight, you can't go pick a fight and then say, 'I'm sorry, I need to stand my ground.' And I didn't want to take that risk, then have my whole self-defense defense go down the drain.

"Q. So is it your testimony that you thought your client was the first aggressor?

"A. No, I didn't say that at all. There was some testimony out there, there were some witnesses that said he were [sic]. And there was some concern on my part about really – you talk about wanting to test the State's case. I really didn't want to test our case in open court on something that I thought had a minuscule possibility of being granted.

"I was afraid that – because the State argued against us offering the self-defense defense. They were arguing that he was actually the first aggressor and that Maurice actually was coming to the defense of Tina when all of this happened. So there's a – there was just a lot of strategy there that I

12

> felt I – you know, that I didn't think that was our best avenue at that point.

"(Rule 32 Transcript, pp. 145-146).

> "Q. All right. Now, you had mentioned also about the immunity thing, that one of the things that you were concerned about – though, at the time, you didn't know and nobody else in the State of Alabama knew that there may have been a pretrial right to an immunity hearing – that you felt that based on the testimony of witnesses that it would appear that maybe Mr. Edwards was the first aggressor?
>
> "A. I think there would have been conflicting testimony at the hearing and potentially – there was testimony he was the first aggressor. A couple of people said that he told them he was going to shoot all of them so –

"(Rule 32 Transcript, pp. 151 -152).

> "Q. And wasn't that basically what the State's case was arguing, that Mr. Edwards was acting in an aggressive way towards Ms. Taylor and that may have been the reason why, for whatever reason, Mr. Spencer felt it was necessary for him to intervene at that point?
>
> "A. Yes.

"(Rule 32 Transcript, p. 155).

13

"Q. All right. Now, were those all the examples that you were trying to tell Mr. Brewer as it regarded to issues of it appearing possibly that maybe it was Mr. Carlton Edwards and not Mr. Spencer that was bringing this on upon himself –

"A. Correct.

"Q. – that he was the aggressor?

"A. There was concern on my part that – about those statements and those actions. And like I said, I just didn't think he'd go pick a fight with somebody and then use a gun and claim Stand Your Ground.

Q. Okay. And though, it was not – it was generally – well, it was not known at that time that there was a right to a pretrial immunity hearing at that time. If it had been known, hearing that information that came out during the trial, do you think that the – that there would have been any likelihood that immunity would have been granted based on those statements?

"A. I don't think so.

"Q. Okay. But at the time there was no general consensus, there was no consensus at all that there was a pretrial right to an immunity hearing when trial was –

"A. Correct.

"Q. Okay. So if you don't know it, you can't be at fault for not asking for it; can you?

14

"A. Correct.

"(Rule 32 Transcript, pp. 155-156).

"Section 13A-3-23, Ala. Code, provides the 'Stand Your Ground' defense. The Petitioner contends trial counsel should have pursued [this defense] prior to trial by filing a Motion to Dismiss. Pertinent provisions of that statute provide:

"(b) A person who is justified under subsection (a) in using physical force, including deadly physical force, and who is not engaged in an unlawful activity and is in any place where he or she has the right to be has no duty to retreat and has the right to stand his or her ground.

"(c) Notwithstanding the provisions of subsection (a), a person is not justified in using physical force if:

"(1) With intent to cause physical injury or death to another person, he or she provoked the use of unlawful physical force by such other person.

"(2) He or she was the initial aggressor . . . . .

"The statute itself does not expressly provide for a pre-trial immunity hearing. In the past, seeking guidance on how a trial court was to proceed under the statute, Alabama courts have taken direction from courts of other states with similar Stand Your Ground statutes. Those

15

states do not follow uniform procedures. *See, Wood v. People*, 255 P. 3d 1136 (Colo. 2011) and *Dennis v. State*, 51 So. 3d 456 (Fla. 2010). At the time this case was pending trial, the new self-defense clearly existed but it was unclear how it would be implemented in this State. Indeed, recent published appellate decisions in this state more often than not address flawed jury instructions regarding this statute, which may indicate uncertainty amongst the circuit courts on how to apply the defense.

"Importantly too, this Court is unaware of any decision from an Alabama appellate court which expressly states that a criminal defendant has the right to a pre-trial evidentiary hearing on the self-defense claim. This Court, therefore, cannot say that trial counsel's failure to request such a hearing constitutes ineffective assistance.

"But even if it can be said that the failure to file a Motion to Dismiss was ineffective, the Petitioner can show no prejudice. Had a pretrial hearing been held, the Court would have been presented with the same facts as offered by State witnesses at trial; namely, Tina Taylor, Charles Madison and Jamarcus Green. Collectively those witnesses at trial described the scene inside Brown's Barbershop prior to the death of Maurice Spencer.

"The testimony included Taylor recounting how she returned to the barbershop from lunch after having had an argument with the Petitioner's girlfriend. Taylor told Petitioner that she would be signing a warrant against the girlfriend. The Petitioner responded aggressively by cursing at Taylor. (Trial Transcript "TT", p. 100). Petitioner's aggression, then spread to others in the barbershop as he moved from barber chair to chair expressing his hostility, (TT, p. 104). Petitioner then, raised his shirt to reveal to everyone the hand-gun stuck in his pants. (TT, p. 142). Taylor testified the Petitioner threatened to shoot her, (TT) p. 105). Jamarcus Green

16

testified the Petitioner threatened to shoot others present as well. (TT, p. 161.) Finally, once the physical altercation began and the victim and the Petitioner fell to the floor. Charles Madison testified that though the victim possessed a gun, the victim was on top of the Petitioner beating him with his fists.The victim's gun was not in sight. In response to this use of non-deadly force, the Petitioner shot and killed the victim. (TT, p. 144).

"This Court finds now without hesitation that the Petitioner would not have succeeded on a Motion to Dismiss. The Petitioner did not have the pleasure of standing his ground since he provoked the physical confrontation and was the initial aggressor by the showing of his hand-gun, the threats of shooting others and his general highly aggressive behavior. Therefore, even if it can be said that Petitioner's trial counsel was inadequate for failing to pursue self-defense immunity, there is still no showing that the Petitioner was prejudiced by that inadequacy. Indeed, this conclusion is buttressed by the fact that the jury heard this same evidence and rejected the Petitioner's self-defense claim."

(C. 795-99.)

The court's findings as to this issue are thorough and proper. *Duncan v. State*, 925 So. 2d 245, 258 (Ala. Crim. App. 2005). Edwards has failed to show that his counsel was ineffective on this ground or that he was prejudiced by his counsel's actions in failing to request a pretrial hearing on self-defense.

(Ex. 14 at 6-11.)

19.    Habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings" and Edwards cannot show

that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Because the evidence presented at the evidentiary hearing failed to establish that trial counsel's performance was deficient or that Edwards suffered any prejudice as a result of the decisions of trial counsel related to this claim, Edwards has failed to establish that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court; therefore, this Court should deny relief on this claim.

20.    In his petition, Edwards argues that the state courts unreasonably concluded that his trial counsel did not perform deficiently because the decision not to seek a pretrial hearing was based on uncertainty at the time as to whether there was a right to a pretrial hearing on self-defense under Alabama law rather than based on a strategic decision to forego that right. (Doc. 1 at 47-48.) However, as quoted by the state courts above, trial counsel specifically testified that he did not want to risk a pretrial hearing on a motion to dismiss because he "really didn't

18

want to test our case in open court on something that I thought had a minuscule possibility of being granted." (Ex. 1 at 959.) That is, trial counsel thought that whatever benefit might be gained by requesting a hearing was outweighed by the risk of allowing the State to get a full preview of the defense at a hearing before trial. Trial counsel specifically noted that at a hearing –where Edwards would have borne the burden of proving that he acted in self-defense – Edwards would have been forced to testify before trial (whereas, by foregoing the hearing he was able to wait until the State had presented its case to the jury before deciding whether to testify). (*Id.* at 959-60.) There was therefore ample evidence in the record to support the state courts' conclusion that trial counsel made a reasonable strategic decision.

21.    Edwards also asserts that the state courts erroneously concluded that a pretrial motion to dismiss would not have been granted (and therefore he suffered no prejudice) because the courts improperly speculated that the facts presented at a pretrial hearing would have been the same as those adduced at trial. (Doc. 1 at 48-49.) He asserts that "there is no way to know how the facts would have been presented at that hearing as to the way they were presented at trial" and asserts that, at a minimum, it might have provided a basis for impeaching witnesses at trial with their hearing testimony. (*Id.*) Edwards had the burden at his Rule 32 hearing

19

to affirmatively prove that he suffered prejudice. *Strickland*, 466 U.S. at 693. In this context, that means that he had to show a reasonable probability that a pretrial motion to dismiss would have been granted. *Cf. id.* at 695 (describing the prejudice in the context of challenges to convictions and sentences). Instead, he effectively invites the courts to speculate that the evidence at a pretrial hearing would have been different from that presented at trial. No evidence was presented at the Rule 32 hearing to support that assumption, and therefore the Rule 32 trial court – which was presided over by the same judge that presided over Edwards's trial and would have therefore presided over any pretrial hearing – reasonably concluded "without hesitation" that Edwards failed to prove that a motion to dismiss would have been granted. (Ex. 1 at 799.)

22.     Without waiving the foregoing, the Alabama Court of Criminal Appeals made findings of fact in deciding this claim and these findings of fact are presumed correct. 28 U.S.C. § 2254(e)(1). To the extent that Edwards failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court because he cannot show that this claim is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that "a

factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254(e)(2).

23.     Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## B. The claim that trial counsel was ineffective for failing to conduct an adequate pretrial investigation.

24.     Edwards asserts that trial counsel was ineffective because he did not conduct an adequate pretrial investigation. (Doc. 1 at 49-52.) In addressing this claim, the Alabama Court of Criminal Appeals, again quoting extensively from the trial court's order, held as follows:

> Edwards argues that his counsel was ineffective for failing to conduct an adequate pretrial investigation. He claims that counsel should have introduced a prior conviction of the victim to show his propensity for violence; should have introduce Edwards's medical records to corroborate his testimony of the injuries that he suffered; and should have interviewed the coroner prior to trial. However, the circuit court properly found that Edwards failed to show that his counsel was ineffective or that he was prejudiced. The court determined:
>
>> "The Petitioner next claims that trial counsel's pre-trial investigation was inadequate. First, he alleges that counsel should have discovered the victim's 2004 Tuscaloosa Municipal Court case for Domestic Violence and used that at trial to show the victim's propensity to violence. Trial counsel's testimony showed however that

21

he did in fact know about that case but decided not to use it. While Alabama Rule of Evidence 404(a)(2) (A) and 405 provide that a victim's character can be admissible under certain circumstances, the character evidence must relevant and similar to the case being tried. Here, the victim's prior conduct did not involve the Petitioner; it involved domestic violence with a girlfriend. Moreover, it did not involve a weapon, it involved the victim biting another person. Finally, there is no evidence that the Petitioner knew of that conduct prior to the encounter with the victim. Based on those factors, this Court may well not have allowed such evidence to be heard by the jury. Accordingly, that claim is without merit.

"Second, the Petitioner claims that counsel was ineffective for not obtaining medical records which showed the Petitioner suffered a wound to the head in the fight. Petitioner claims these records would have substantiated his self-defense claim. The record is clear however that during the Petitioner's trial testimony, he testified that his head hit the wall during the fight which required staples. (TT, p. 431-32). The Jury having heard this testimony, the hospital records showing the very same thing would have made no difference. As such, that claim is likewise without merit.

"Third, the Petitioner claims that trial counsel was ineffective for not interviewing the medical examiner, Dr. Stephen Boudreau, prior to trial. In particular, Petitioner claims that counsel should have learned prior to trial that Dr. Boudreau would testify that abrasions on the victim's neck were consistent with the Petitioner striking the victim with his gun. Trial counsel testified as follows regarding that issue:

"Q. Now, later after that conversation when you got some discovery, one of the things

22

that you got was Dr. Boudreau's autopsy report; is that correct?

"A. I did.

"Q. And a general summary of what he was expected to testify to?

"A. Yes.

"Q. And were you aware at the time that you came to trial that he was going to make some testimony about the marks and all on the decedent's neck?

"A. No. And neither was Dr. Boudreau.

"Q. Well now, how do you know what Dr. Boudreau was thinking?

"A. Because, he did a – that's – they did a – that comparison was an in-court comparison was the first time anybody heard of it. That was not done in the autopsy, it was not done in any report provided to us. In fact, that was something that was – as you know, criminal trials are trials by ambush. And that was something that they made an on-the-stand comparison. I objected to that when it happened.

"Q. Okay.

"A. But there was not any other – he didn't even know he was going to testify about it.

"(Rule 32 Transcript, pp. 124-25).

23

"Thus, since the doctor's testimony on the issue arose solely from questioning by the prosecutor trial counsel can hardly be found inadequate as claimed. This claim is without merit."

(C. 799-800.)

These findings by the circuit court correctly show that Edwards's claims lack merit. Counsel was aware of the prior incident report concerning the victim and did not believe that the allegations were sufficiently similar to the present case. Counsel did not introduce Edwards's medical records because he believed that his testimony to same evidence was to sufficient and was uncontradicted. "'"An accused is not entitled to error-free counsel."' *Stringfellow v. State*, 485 So. 2d 1238, 1243 (Ala Crim. App. 1986), quoting *Phelps v. State*, 439 So. 2d 727, 735 (Ala. Crim. App. 1983). '"Even if counsel committed what appears in retrospect to have been a tactical error, that does not automatically mean that petitioner did not receive an adequate defense in the context of the constitutional right to counsel."' *Hutchins v. State*, 568 So. 2d 395, 396 (Ala. Crim. App. 1990), quoting *Ex parte Lawley*, 512 So. 2d 1370, 1373 (Ala. 1987)." *Lee v. State*, 44 So. 3d 1145, 1167 (Ala. Crim. App. 2009). "'"'[T]he selection of witnesses and the introduction of evidence are questions of trial strategy and virtually unchallengeable.'" *Johnson v. State*, 333 S.W. 3d 459, 463-64 (Mo. banc 2011)(citation omitted). Trial counsel will not be found ineffective for failing to present cumulative evidence.' Roberts v. State, 356 S.W. 3d 196, 202-03 (Mo. Ct. App. 2011) ." *Washington v. State*, 95 So. 3d 26, 52 (Ala. Crim. App. 2012).

Moreover, counsel was aware of the coroner's findings and reports prior to trial and the coroner had not previously stated that he believed that the victim had been hit over the head with the gun. The coroner made that statement after conducting an in-court comparison which was objected to by defense counsel.

(Ex. 14 at 11-14.)

24

25.     Habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings" and Edwards cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Because the evidence presented at the evidentiary hearing failed to establish that trial counsel's performance was deficient or that Edwards suffered any prejudice as a result of the decisions of trial counsel related to this claim, Edwards has failed to establish that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court; therefore, this Court should deny relief on this claim.

26.     In his petition, Edwards argues that trial counsel's decision not to attempt to have the victim's prior domestic violence conviction and his own medical records admitted at trial constituted deficient performance. (Doc. 49-51.) However, he does not challenge the state court's holdings that the victim's prior conviction was likely inadmissible and that medical records were cumulative to

25

Edwards's uncontradicted testimony and "would have made no difference" – that is, he could not establish prejudice as to either decision by trial counsel. (Ex. 14 at 12.) More importantly, these claims, as presented in state court, asserted that trial counsel failed to conduct an adequate investigation and discover relevant evidence, not that he made an unreasonable decision in declining to have the evidence admitted. (Doc. 1 at 31-34.) The evidence presented at the Rule 32 hearing demonstrated that trial counsel was aware of the victim's prior conviction and of the existence of Edwards's medical records but decided not to use the evidence at trial; it also showed that he had reviewed the coroner's findings and reports but that they did not contain an allegation that the victim's neck injuries were consistent with being hit by a gun. (Ex. 1 at 12-14.) The evidence in the record therefore supports the conclusion that trial counsel conducted an adequate investigation but made a reasonable strategic decision as to each issue.

27.    Edwards also asserts that the Alabama Court of Criminal appeals had no basis for concluding a pretrial interview with the medical examiner would not have led to the discovery that he would opine that the victim was hit on the neck with a gun, calling the finding "speculation at best." (Doc. 1 at 51.) However, trial counsel presented uncontroverted testimony that the medical examiner's opinion on this issue was not included in the autopsy and was based on an in-court

comparison. (Ex. 1 at 937-38.) Edwards had the burden at his Rule 32 hearing of establishing that trial counsel failed to conduct a reasonable investigation. *Singleton v. Thigpen*, 847 F.2d 668, 669 (11th Cir. 1988). He failed to present evidence establishing that any pretrial investigation would have led to the discovery of the medical examiner's opinion regarding the victim's neck injuries, much less that the failure to pursue that issue by questioning the medical examiner was unreasonable given the absence of any reference to that conclusion in the coroner's report. (Ex. 1 at 938.) Edwards also had the burden to affirmatively prove that he suffered prejudice. *Strickland*, 466 U.S. at 693. He failed to present any evidence suggesting that prior discovery of the medical examiner's opinion regarding the neck injuries would have had effect on the trial, particularly given that trial counsel objected to the testimony when it was offered in court. (Ex. 1 at 938.)

28.    Without waiving the foregoing, the Alabama Court of Criminal Appeals made findings of fact in deciding this claim and these findings of fact are presumed correct. 28 U.S.C. § 2254(e)(1). To the extent that Edwards failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court because he cannot show that this claim is based on a "new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable" or that "a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254(e)(2).

29.     Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## C. The claim that trial counsel was ineffective for failing to conduct an adequate voir dire of potential jurors.

30.     Edwards asserts that trial counsel was ineffective for failing to conduct an adequate voir dire of the potential jurors, particularly of a juror that had known two of the witnesses when they were young children. (Doc. 1 at 52-53.) In addressing this claim, the Alabama Court of Criminal Appeals stated as follows:

> Edwards argues that his counsel was ineffective for failing to conduct an adequate voir dire examination concerning a potential juror who knew some of the witnesses but stated that she could be fair. He argues that counsel could have uncovered information from her that could have impacted her perception of the case. The record indicates that the juror had taught two of the witnesses when they had been in third grade, approximately 15 or 20 years prior to trial.
>
> Edwards has failed to plead facts to show that his counsel was ineffective for failing to further question the juror. Moreover, Edwards failed to show how his counsel's purportedly deficient conduct prejudiced him in that the witness stated that she could be fair. Thus, Edwards has failed to plead facts sufficient to establish prejudice under *Strickland*.

(Ex. 14 at 14-15 (footnote omitted).)

31. Habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings" and Edwards cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Because the evidence presented at the evidentiary hearing failed to establish that trial counsel's performance was deficient or that Edwards suffered any prejudice as a result of the decisions of trial counsel related to this claim, Edwards has failed to establish that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court; therefore, this Court should deny relief on this claim.

32. In his petition, Edwards argues that the Alabama Court of Criminal Appeals erred in concluding that he failed to show that he suffered any prejudice, arguing that it was "entirely possible that [the juror at issue] had a fondness for [the witnesses she had taught many years before as young children] that led her to be biased in favor of these witnesses." (Doc. 1 at 53.) While many things are arguably

29

possible, Edwards had the burden at his Rule 32 hearing to affirmatively prove that he suffered prejudice by the failure of trial counsel to question the juror. *Strickland*, 466 U.S. at 693. He did not present any evidence showing that the juror at issue was actually biased or that her participation in the jury affected the fairness of his trial. (Ex. 1 at 801.) To the contrary, the juror specifically answered that she could be "impartial and fair" despite having previously known the two witnesses. (Ex. 1 at 383.) There is no evidence in the record suggesting that this is incorrect, or that there were any questions that trial counsel should have asked the juror (much less what her answers would have been). (Ex. 1 at 801.)[3]

33.    Without waiving the foregoing, the Alabama Court of Criminal Appeals made findings of fact in deciding this claim and these findings of fact are presumed correct. 28 U.S.C. § 2254(e)(1). To the extent that Edwards failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court because he cannot show that this claim is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that "a

---

[3] The Alabama Court of Criminal Appeals held that Edwards failed to even plead any facts suggesting that trial counsel was ineffective for failing to further question the juror. (Ex. 14 at 15.) Edwards has not addressed that holding in his petition. (Doc. 1 at 52-53.)

factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254(e)(2).

34.     Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

### D. The claim that trial counsel was ineffective for failing to adequately impeach the testimony of prosecution witnesses.

35.     Edwards asserts that trial counsel was ineffective because he did not adequate impeach the testimony of prosecution witnesses. (Doc. 1 at 53-54.) The Alabama Court of Criminal Appeals addressed this claim as follows:

> Edwards argues that his counsel was ineffective for failing to adequately impeach State's witnesses and using their unsworn paraphrased statements made by police officers. Edwards argues that he should have been given the State's witnesses' original statements rather than summaries. However, at the evidentiary hearing, Edwards did not produce the statements or show that they varied from the summaries. Trial counsel testified that he believed that the summaries were accurate as they substantially matched the witnesses' testimony at trial.

> Although Edwards points out inconsistencies in some witnesses' testimony, and refers to a comment from a witness's testimony that was not included in the summary of the witness's original statement, none of the subject matter was pivotal. A review of the trial transcript indicates that trial counsel sought to impeach State's witnesses based on inconsistencies in their statements numerous times. Edwards has failed to show that his counsel was ineffective on this ground. *Toles v. State*, 459 So. 2d 1003, 1005 (Ala. Crim. App. 1984) (wherein the record showed that defense counsel did attempt to impeach State's

31

witness with inconsistencies in his prior statements and, even if counsel had had the benefit of having written confessions by the witness at defendant's trial, impeachment would not have prevented defendant's conviction and defendant's counsel was not shown to have rendered ineffective assistance.) Moreover, Edwards has failed to show prejudice. "'The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed. 2d 674 (1984)." *Id.*

(Ex. 14 at 6-11 (footnote omitted).)

36.     Habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings" and Edwards cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Because the evidence presented at the evidentiary hearing failed to establish that trial counsel's performance was deficient or that Edwards suffered any prejudice as a result of the decisions of trial counsel related to this claim, Edwards has failed to establish that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly

32

established federal law as determined by the United States Supreme Court; therefore, this Court should deny relief on this claim.

37.    In his petition, Edwards reasserts his argument that trial counsel was unable to impeach witnesses because he did not have their original handwritten statements. (Doc. 1 at 53-54.) However, Edwards had the burden at his Rule 32 hearing to prove that he suffered prejudice. *Strickland*, 466 U.S. at 693. Edwards fails to address the finding by the Alabama Court of Criminal Appeals that he failed to produce the statements at issue and therefore failed to prove that they offered any basis for impeaching any witness. (Ex. 14 at 15.)

38.    Without waiving the foregoing, the Alabama Court of Criminal Appeals made findings of fact in deciding this claim and these findings of fact are presumed correct. 28 U.S.C. § 2254(e)(1). To the extent that Edwards failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court because he cannot show that this claim is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that "a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254(e)(2).

39.     Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

### E. The claim that trial counsel was ineffective for representing him at sentencing after new counsel had been retained.

40.     Edwards asserts that trial counsel was ineffective because he represented Edwards at the sentencing hearing after he had been informed that he was being replaced with new counsel. (Doc. 1 at 55-56.) The Alabama Court of Criminal Appeals addressed this claim as follows:

> Edwards argues that his counsel was ineffective for having represented him at his sentencing hearing after he had been discharged. As to this issue, the court determined in its order:
>
>> "Following the trial, the Petitioner discharged trial counsel from further representation. Petitioner hired new counsel who, at the eleventh hour, filed a motion to continue the sentencing heating [sic]; which this Court denied. Trial counsel's testimony at the evidentiary hearing showed, that since newly retained counsel was wholly unprepared to assist the Petitioner at sentencing, the Petitioner requested help from trial counsel. Nothing in the Petitioner's pleadings or evidence establishes that counsel was ineffective at sentencing."
>
> (C. 802.)
>
> Edwards insists that he did not ask for counsel's help and that he had lost faith in counsel's ability.

34

"Rule 1.16(d), Ala. R. Prof'l Conduct, requires an attorney, upon termination of representation, to 'take steps to the extent reasonably practicable to protect a client's interests. ' The Comment to this section states that, '[e]ven if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client.'" *Esters v. State*, 894 So. 2d 755, 762 (Ala. Crim. App. 2003). An attorney's duty of continuing representation is a firm responsibility. *See genreally* [sic], Rule 6.2, Ala. R. Crim. P. Here, both Edwards's newly retained counsel and his trial counsel were present. Trial counsel stated that he was only present for the purposes of the sentencing hearing. Neither his newly-retained counsel nor Edwards objected or complained of his trial counsel's presence. Edwards's mother, who discharged his trial counsel, was also present and was called by trial counsel to testify. The court asked both his newly-retained counsel and his trial counsel if they had seen the pre-sentence investigation report and both responded affirmatively. Trial counsel then spoke on Edwards's behalf, followed by the State, a family member of the victim, Edwards's mother, and Edwards. Trial counsel argued that Edwards had been in school since the offense, had been a productive member of society, had not been in trouble before or after the offense, had a job, and was a father and family man. Trial counsel asked that his sentence be the minimum allowed, split to community corrections.

As found by the circuit court, there was no indication of ineffective assistance by Edward's trial counsel. Trial counsel testified at the hearing that Edward's newly retained counsel asked for his help and Edwards consented to it. There was also no indication of prejudice, especially because, when sentencing Edwards, the court stated that his sentencing decision was based in part on his insignificant prior record; however, the judge stated, "But I also look at the fact that this unfortunate incident started and ended with the fact that you had a weapon at the barbershop that day." (Trial R. 524.) That basis could not have been altered by further mitigating argument.

To the extent that Edwards argues that trial counsel's representation at sentencing was deficient because of the brevity of the hearing, as

found by the court, Edwards has failed to prove ineffectiveness or prejudice.

(Ex. 14 at 16-17.)

41.    Habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings" and Edwards cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Because the evidence presented at the evidentiary hearing failed to establish that trial counsel's performance was deficient or that Edwards suffered any prejudice as a result of the decisions of trial counsel related to this claim, Edwards has failed to establish that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court; therefore, this Court should deny relief on this claim.

42.    In his petition, Edwards argues that the Alabama Court of Criminal Appeals unreasonably relied on the Alabama Rules of Professional Conduct in determining that trial counsel acted properly by representing him at sentencing

36

after new counsel had been retained. (Doc. 1 at 55.) However, he does address the court's conclusion that trial counsel was asked to do so because the newly-hired counsel was not prepared, or that the newly-hired counsel was present and agreed. (Ex. 14 at 16-17.) Edwards had the burden at his Rule 32 hearing to affirmatively prove that he suffered prejudice. *Strickland*, 466 U.S. at 693. In the context of a sentencing proceeding, that required that he show a reasonable probability that he would have received a different sentence had his original trial counsel refused assist him. *Id.* at 695. The Alabama Court of Criminal Appeals explicitly found that there was no evidence Edwards suffered any prejudice. (Ex. 14 at 17.) In his petition before this court, he does not even contend that he suffered any prejudice, much less plead any facts that would support such a contention. (Doc. 1 at 55-56.)

43.     Without waiving the foregoing, the Alabama Court of Criminal Appeals made findings of fact in deciding this claim and these findings of fact are presumed correct. 28 U.S.C. § 2254(e)(1). To the extent that Edwards failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court because he cannot show that this claim is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that "a

factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254(e)(2).

44.     Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## II.     The claim that Edwards's sentence was excessive in violation of the Eighth Amendment.

45.     In Claim II of his petition for writ of habeas corpus, Edwards contends that his seventeen-year sentence for manslaughter violates the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. (Doc. 1 at 58-60.) This claim is unexhausted because it has never been presented to the Alabama Supreme Court. Even had it been exhausted, it would have been meritless.

46.     A petitioner seeking a writ of habeas corpus in federal court must first exhaust his remedies in the state court system; this exhaustion requirement is "grounded in the principles of comity and federalism[.]" *Henderson v. Campbell,* 353 F. 3d 880, 897-898 (11th Cir. 2003) (citing 28 U.S.C. § 2254(b)(1)(A)). This Court will not review claims made in a petition for habeas corpus that were not first properly presented to the state courts. *See McNair v. Campbell,* 416 F. 3d 1291, 1302 (11th Cir. 2005) ("Habeas petitioners generally cannot raise claims in

38

federal court if those claims were not first exhausted in state court."); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." ). "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones,* 348 F. 3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). The requirement that a petitioner must seek discretionary review in a state's highest court applies both to claims raised on direct appeal and to claims asserted in a petition for postconviction relief. *Id.* at 1359 ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the Boerckel rule.") (quoting *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001)).

47.   Claims that are not properly exhausted are barred from federal habeas review under the doctrine of procedural default. *See Smith v. Jones,* 256 F. 3d 1135, 1138 (11th Cir. 2001) ("The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."); *Judd v. Haley,* 250 F. 3d 1308, 1313 (11th Cir. 2001) ("A state prisoner seeking federal habeas relief cannot raise

a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.").

48.    In *Pickard v. Connor*, 404 U. S. 270, 275 (1971) the United States Supreme Court held that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts to give the state the opportunity to "pass upon and correct" alleged violations of a petitioner's federal rights. It is not sufficient for a petitioner to make a general appeal to a constitutional guarantee as broad as due process to present the substance of such a claim to a state court. *See Anderson v. Harless*, 459 U.S. 4, 7 (1982). A claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. *Pickard*, 404 U. S. at 277. *See also Duncan v. Henry*, 513 U. S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling in a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."); *Isaacs v. Head*, 300 F. 3d 1232, 1254 (11th Cir. 2002) (finding that the petitioner had not fairly presented to the state appellate court a federal claim that his rights were violated by the failure to record a prayer which opened his murder trial where "[n]o federal cases were cited, and no language was used by [petitioner] which would have alerted the Georgia

40

Supreme Court to the fact that Isaacs was asserting a federal constitutional claim");

*Kelly v. Sec'y for Dept. of Corr.*, 377 F. 3d 1317, 1344 (11th Cir. 2004) (stating

that a claim is not properly presented merely because all the facts necessary to

support the claim were before the state courts or because a somewhat similar state-

law claim was made).

49.    There are only two ways in which a habeas petitioner who has failed

to meet the State's procedural requirements for presenting his federal claims

throughout the state courts may overcome this procedural default. Under the

"cause and prejudice" procedural default exception, the petitioner is required to

"demonstrate cause for the default and actual prejudice as a result of the alleged

violation of federal law." *Coleman,* 501 U.S. at 750. Under the "fundamental

miscarriage of justice" procedural default exception, the petitioner may obtain

review of a claim if he "can demonstrate a sufficient probability that [the federal

court's] failure to review his federal claim will result in a fundamental miscarriage

of justice." *Edwards,* 529 U.S. at 451.

50.    Edwards has twice raised an Eighth Amendment claim before the

Alabama Court of Criminal Appeals. On direct appeal, the court held that the claim

was waived because it was not raised at trial, either at the sentencing hearing or in

a motion for a new trial. (Ex. 8 at 10.) Though he filed a petition for writ of

certiorari in the Alabama Supreme Court, it did not reassert his Eighth Amendment claim. (Ex. 9.)

51.     Edwards reasserted this claim in his Rule 32 petition. (Ex. 1 at 48.) The Rule 32 trial court held (1) that the claim, which consisted of just two paragraphs, was not sufficiently pleaded; (2) that Edwards had failed to meet his burden of proof because he presented no evidence in support of the claim at his Rule 32 evidentiary hearing; and (3) that the claim was procedurally defaulted under Rules 32.2(a)(2) though (a)(5) of the Alabama Rules of Criminal Procedure because it could have been raised at trial was not raised and because it could have been raised on direct appeal and was raised. (*Id.*)

52.     The Alabama Court of Criminal Appeals did not rule on whether the claim was procedurally defaulted, but did state that the trial court had "properly determined that [the claim] lacked merit." (Ex. 14 at 19-20.) It also held that the claim was insufficiently pleaded, stating as follows:

> []Edwards claim that his sentence was excessive is a bare allegation that is neither supported by law or facts. His claim was not pleaded with sufficient specificity to satisfy the requirements in Rule 32.3, Ala. R. Crim. P., which states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief," and Rule 32.6(b), Ala. R. Crim. P., which states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere

42

conclusions of law shall not be sufficient to warrant any further proceedings."

(*Id.* at 20.)

53.     Though he filed a petition for writ of certiorari in the Alabama Supreme Court, he once again failed to reassert his Eighth Amendment claim. (Ex. 17.) Instead, he raised only the five claims of ineffective assistance of counsel addressed above. (Ex. 17.)

54.     Edwards failed to provide the state courts with one full opportunity to review his Eighth Amendment claim and thus it is unexhausted. *See, e.g., Coleman*, 501 U.S. at 731; *Boerckel*, 526 U.S. at 842. His claim is not capable of further presentation to the state courts because (1) it could have been raised at trial, on direct appeal, and/or in a timely petition (and in part, was presented twice, though not fully exhausted either time); (2) because a petition asserting this claim would be untimely; and (3) because a new petition asserting this claim would be successive. *See* Ala. R. Crim. P. 32.2(a)(2-5), 32.2(b), and 32.2(c).

55.     Edwards has shown no cause and prejudice as to this claim, nor has he established that a fundamental miscarriage of justice will occur if this Court does not review his claim. *See, e.g., Coleman,* 501 U.S. at 750; *Edwards,* 529 U.S. 446, 451. This latter exception applies only in the "narrow class of cases" where the petitioner can show that "a constitutional violation has probably resulted in the

43

conviction of one who is actually innocent[.]" *Schlup v. Delo,* 513 U.S. 298, 315, 328 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327.

> To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Id.* at 324. The Supreme Court has since observed that *Schlup* sets a "demanding" standard that will be met only in "extraordinary" cases. *House v. Bell,* 547 U.S. 518, 538 (2006).

56.     Edwards has not presented any "new evidence" under *Schlup* that he is actually innocent. For that matter, because this claim relates to his sentence and not his conviction, he could not meet *Schlup*'s requirements even if Edwards had such evidence.

57.     Without waiving the foregoing, habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings" and Edwards cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the

44

United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

58.    Without waiving the foregoing, the Alabama Court of Criminal Appeals made findings of fact in deciding this claim and these findings of fact are presumed correct. 28 U.S.C. § 2254(e)(1). To the extent that Edwards failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court because he cannot show that this claim is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or that "a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254(e)(2).

59.    Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Edwards's petition for

writ of habeas corpus.


Respectfully submitted,
Steven T. Marshall (MAR083)
Attorney General
By:


*/s/Michael A. Nunnelley*
Michael A. Nunnelley (NUN006)
Assistant Attorney General

46

## EXHIBITS

Exhibit 1    Appellate record, *Edwards v. State*, CR-15-0414, Alabama Court of Criminal Appeals

Exhibit 2    Appellant's brief, *Edwards v. State*, CR-09-1959, Alabama Court of Criminal Appeals

Exhibit 3    Appellee's brief, *Edwards v. State*, CR-09-1959, Alabama Court of Criminal Appeals

Exhibit 4    Appellant's reply brief, *Edwards v. State*, CR-09-1959, Alabama Court of Criminal Appeals

Exhibit 5    Memorandum opinion, *Edwards v. State*, CR-09-1959, Alabama Court of Criminal Appeals

Exhibit 6    Application for rehearing, *Edwards v. State*, CR-09-1959, Alabama Court of Criminal Appeals

Exhibit 7    Application for rehearing overruled, opinion withdrawn and substituted, *Edwards v. State*, CR-09-1959, Alabama Court of Criminal Appeals

Exhibit 8    Memorandum opinion on application for rehearing, *Edwards v. State*, CR-09-1959, Alabama Court of Criminal Appeals

Exhibit 9    Petition for writ of certiorari, Ex parte *Edwards*, No. 1110984, Alabama Supreme Court

Exhibit 10   Certificate of judgment, Ex parte *Edwards*, No. 1110984, Alabama Supreme Court

Exhibit 11   Appellant's brief, *Edwards v. State*, CR-15-0414, Alabama Court of Criminal Appeals

Exhibit 12   Appellee's brief, *Edwards v. State*, CR-15-0414, Alabama Court of Criminal Appeals

Exhibit 13      Appellant's reply brief, *Edwards v. State*, CR-15-0414, Alabama Court of Criminal Appeals

Exhibit 14      Memorandum opinion, *Edwards v. State*, CR-15-0414, Alabama Court of Criminal Appeals

Exhibit 15      Application for rehearing, *Edwards v. State*, CR-15-0414, Alabama Court of Criminal Appeals

Exhibit 16      Application for rehearing overruled, *Edwards v. State*, CR-15-0414, Alabama Court of Criminal Appeals

Exhibit 17      Petition for writ of certiorari, Ex parte *Edwards*, No. 1160152, Alabama Supreme Court

Exhibit 18      Certificate of judgment, Ex parte *Edwards*, No. 1160152, Alabama Supreme Court

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 24th day of May, 2017, I electronically filed the foregoing (including all exhibits) with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have e-mailed the foregoing (excluding all exhibits) to the following attorneys:

Thomas L. Carmichael
Tlc4injury@yahoo.com

Lisa M. Ivey
lmivey@sonet.net

/s/ *Michael A. Nunnelley*
Michael A. Nunnelley (NUN006)

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone:      (334) 242-7300
Fax:          (334) 242-2848
E-Mail:     docketroom@ago.state.al.us

190461-002/2340695

49