FILED

2017 May-24  PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| CARLTON RAYMAN EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case Number: 7:17-cv-00571-VEH-JHE |
| | ) | |
| STEVE MARSHALL, et al. | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

Respondents have filed an answer seeking dismissal of this habeas petition.  (Doc. 4).  The court deems the case ripe for summary disposition under Rule 8(a) of the *Rules Governing Section 2254 Cases* on the basis of the defenses asserted in Respondents' answer.  *See McBride v. Sharpe*, 25 F.3d 962 (11th Cir. 1994).  The purpose of this order is to notify Petitioner the court will treat this case as ripe for summary disposition and to further inform Petitioner of his right to file affidavits or other materials to show why Respondents' motion for summary disposition should be denied.

To the extent that Respondents seek dismissal of the petition on grounds of non-exhaustion of state remedies, procedural default, successiveness, abuse of the writ, or other such procedural grounds, Petitioner may wish to offer affidavits or other evidence establishing facts to rebut those asserted defenses.  Petitioner may wish to offer counter-affidavits or other admissible evidence to show that either he has exhausted all state remedies or that such remedies are futile.  Similarly, Petitioner may wish to offer evidence to establish cause and prejudice excusing procedural default, successiveness, or an abuse of the writ, or otherwise make a colorable showing of factual innocence in order to establish the fundamental miscarriage of justice exception to these procedural rules.  The court will review and consider the state court record supplied by Respondents and any additional evidentiary material offered by the petitioner in making a determination whether the

petition should be summarily disposed of under Rule 8(a) of the *Rules Governing Section 2254 Cases.*

Petitioner shall have twenty-one (21) days from the date of this order to supply any additional evidentiary materials or legal arguments he may wish to offer with regard to whether the petition is subject to summary dismissal.  Thereafter, the court will take the petition under advisement for consideration in light of Respondents' answer, the state court record and any additional materials supplied by Petitioner.

**IMPORTANT NOTICE:**

(1)  Petitioner should **not repeat** the allegations in his complaint because they will be considered in ruling on Respondents' motion for summary dismissal.  In other words, it is not necessary for Petitioner to say the same thing more than one time.  Further, Petitioner should file all of his response at one time.  **He should not submit his response in a piecemeal fashion by filing one document after another.  Petitioner will not be allowed, without good cause, to submit anything in opposition to Respondents' answer outside the twenty-one-day time period**.

(2)  Petitioner is hereby informed that his claims will be determined **only from the allegations made in his petition**.  New allegations made in a traverse or in any other document will not be considered.

DONE this 24th day of May, 2017.

 

 

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE