FILED
2019 Jul-18 AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **CARLTON RAYMAN EDWARDS,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**STEVE MARSHALL, Alabama** )<br>**Attorney General, et al.,** )<br>)<br>Respondents. ) | **Case No.: 7:17-cv-00571-ACA-JHE** |

## MEMORANDUM OPINION

Carlton Raymond Edwards, through counsel, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Mr. Edwards challenges his 2010 conviction in Tuscaloosa County Circuit Court for manslaughter. (*Id.* at 1). On April 23, 2019, the magistrate judge to whom the case was referred entered a report pursuant to 28 U.S.C. § 636(b), recommending that the court deny Mr. Edwards' § 2254 petition. (Doc. 10). Mr. Edwards filed timely objections to the report and recommendation. (Doc. 15).

Most of Mr. Edwards' objections repeat arguments that he presented in his § 2254 petition and that the magistrate judge already addressed in the report and recommendation. After carefully reviewing the record, the report and recommendation, and the objections, the court finds that the report and

recommendation correctly resolved those arguments and **OVERRULES** those objections without further discussion. The court will, however, address Mr. Edwards' remaining objections at more length.

### A. Ineffective Assistance of Counsel for Failing to Request a Pretrial Immunity Hearing

Mr. Edwards contends that he established prejudice from trial counsel's failure to request a pretrial immunity hearing because, without such a hearing counsel lost "an important opportunity to get the statements of various witnesses under oath to further effectively challenge them at trial." (Doc. 15 at 6).

The undisputed testimony at trial established that Mr. Edwards and Mr. Spencer got into an argument, leading to Mr. Edwards shooting Mr. Spencer. (*See* Doc. 10 at 2–4). Mr. Edwards has not alleged how the sworn testimony at the pretrial immunity hearing would have differed from the sworn testimony at trial in a way that would have a substantial likelihood of changing the result of the trial. *See Harrington v. Richter*, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable."); (*see* Doc. 15 at 6; *see also* Doc. 1 at 54). The court cannot accept "conclusory allegations unsupported by specifics." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Accordingly, the court **OVERRULES** this objection.

### B. Ineffective Assistance of Counsel for Failing to Interview the Medical Examiner Prior to Trial

Mr. Edwards contends that the magistrate judge improperly focused on whether interviewing the medical examiner before trial would have changed the manner of Mr. Spencer's death, but his claim actually alleges that trial counsel failed to properly prepare for trial by interviewing the medical examiner, as a result of which he was surprised by the medical examiner's testimony about Mr. Edwards possibly causing injuries to Mr. Spencer's head and neck during the fight. (Doc. 15 at 11–14).

Even assuming that trial counsel's failure to interview the medical examiner amounted to deficient performance, Mr. Edwards has not established prejudice. He asserts that because trial counsel was surprised by the medical examiner's testimony about the injuries to Mr. Spencer's head and neck, counsel "did not have any rebuttal other than trying to argue the marks could have been caused by a chain Spencer was wearing . . . and by Mr. Spencer's head striking the wall." (Doc. 15 at 13). But he does not allege what other tactic or line of questioning counsel might have pursued with the benefit of further investigation, or how that unspecified line of questioning would have had a substantial likelihood of changing the outcome of the case. *See Harrington*, 562 U.S. at 112. The court cannot rely on Mr. Edwards' conclusory and speculative allegation of prejudice. *See Tejada*, 941 F.2d at 1559. Accordingly, the court **OVERRULES** this objection.

### C. Ineffective Assistance for Failing to Obtain Sworn and Unparaphrased Witness Statements

In his objection to the report and recommendation's treatment of this claim, Mr. Edwards appears to request discovery so that he can prove the existence of the statements at the root of this claim. (Doc. 15 at 18–19). However, Mr. Edwards has never made a formal discovery request from this court, instead asking, in a footnote, for the court to order production of the statements. (*See* Doc. 1 at 54 n.15).

Under Federal Rule of Civil Procedure 34, a party requesting discovery must "serve on any other party a request" for discovery. Fed. R. Civ. P. 34(a). Mr. Edwards has not done so, and the court does not find an informal request made in a footnote to satisfy the requirements of the Federal Rules of Civil Procedure or the Rules Governing § 2254 Proceedings. *See* Rule 6(b), Rules Governing Section 2254 Cases. The court **OVERRULES** this objection.

### D. Ineffective Assistance of Counsel at Sentencing

Mr. Edwards contends that the court should review this ineffective assistance claim *de novo* because no state court has adjudicated the actual claim that he presented; he asserts that each court misconstrued his claim. (Doc. 15 at 19–22).

The record refutes this objection. Mr. Edwards's claim is that trial counsel was ineffective for continuing to represent him at sentencing even though Mr. Edwards had fired him. (*See* Doc. 1 at 55 & n.16; *see also* Doc. 15 at 20). The Alabama Court of Criminal Appeals rejected that exact claim. (*See* Doc. 4-26 at 15–

16 ("Edwards argues that his counsel was ineffective for having represented him at his sentencing hearing after he had been discharged . . . . Edwards insists that he did not ask for counsel's help and that he had lost faith in counsel's ability. . . . [T]here was no indication of ineffective assistance by Edward's [sic] trial counsel.")). Thus, *de novo* review is not appropriate. *See* 28 U.S.C. § 2254(d); *cf. Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016). The magistrate judge applied the correct standard in reviewing the state court's adjudication of Mr. Edwards' claim. The court **OVERRULES** this objection.

### E. Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Mr. Edwards' objections, the court **OVERRULES** Mr. Edwards' objections, **ADOPTS** the magistrate judge's findings, and **ACCEPTS** his recommendation. Accordingly, the court **WILL DENY** Mr. Edwards' § 2254 petition. And because the petition does not present issues that are debatable among jurists of reason, the court **WILL DENY** a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); Rule 11(a), Rules Governing Section 2254 Cases.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this July 18, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE